IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| ERIC L. DAVIES, | ) | CV. NO. 08-00548 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PHILLIP DOI, Individually and in | ) | |
| his capacity as a District Court Judge | ) | |
| for the State of Hawaii, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION AND MOTION TO AMEND COMPLAINT

Pursuant to Local Rule 7.2(e), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Plaintiff's motion and the

supporting and opposing memoranda, the Court DENIES Plaintiff's Motion.  (Doc.

# 23.)

BACKGROUND

Plaintiff, pro se, filed a Complaint in this Court on December 4, 2008,

alleging First and Fourteenth Amendment violations.  Plaintiff states that his

claims arise from the injunction issued by Judge Philip Doi, a per-diem District

Judge for the City and County of Honolulu.

Judge Doi issued a restraining order pursuant to Hawaii Revised Statute section 604-10.5 in a civil action on January 4, 2007, against Plaintiff and his wife (the "Injunction") and in favor of their neighbors, Jane and Terry Moysa. The Injunction included two special conditions, which Plaintiff argues are unconstitutional.  One condition prohibits certain levels of sound emanating from a device which can be heard thirty feet or more away from the device.  The injunction also prohibits Plaintiff and his wife from making "any statements to any third party regarding the [Moysas]; provided, however, that [Plaintiff and his wife] may conduct business or file complaints with the homeowner's association." (Compl. ¶ 5.)  The Injunction expires on January 4, 2010.

On August 24, 2007, Judge Doi allegedly fined Plaintiff $500 for a reference in an email using the phrase "'the enemy' [the Devil] which he incorrectly felt was a reference to the Moysas."  (Compl. ¶ 6.)  Plaintiff allegedly informed Judge Doi that the special conditions violated his constitutional rights. Plaintiff appealed in State court, and the appeal is currently pending.

Plaintiff filed a motion for summary judgment in this case on December 29, 2008.  (Doc. # 5.)  Defendant filed a motion to dismiss on January 20, 2009.  (Doc. # 9.)  This Court granted Defendant's motion to dismiss on judicial immunity grounds ("Previous Order").  (Doc. # 22.)

2

Plaintiff then filed the instant motion for reconsideration and for leave to amend complaint on April 21, 2009.  (Doc. # 23.)  Defendant filed an opposition on April 23, 2009.  (Doc # 24.)  Plaintiff replied to Defendant's opposition on April 27, 2009.  (Doc. # 25.)

<u>STANDARD OF REVIEW</u>

Plaintiff seeks reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  The disposition of a motion for reconsideration is within the discretion of the district court.  <u>Lolli v. County of Orange</u>, 351 F.3d 410, 411 (9th Cir. 2003); <u>Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003).  This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded.  <u>Rodgers v. Watt</u>, 722 F.2d 456, 459 (9th Cir. 1983); <u>Carnell v. Grimm</u>, 872 F. Supp. 746, 758 (D. Haw. 1994).

"A party may ask the court to reconsider and amend a previous order pursuant to Federal Rule of Civil Procedure 59(e)."  <u>White v. Sabatino</u>, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment.  Fed. R. Civ. P. 59(e).  The Court, in its discretion, shall grant this "extraordinary remedy" only upon (1) a demonstration of some reason why the

3

court should reconsider its prior decision and (2) presentation of "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. Furthermore, "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." White, 424 F. Supp. 2d at 1274.

Federal Rules of Civil Procedure 60(b) provides that the court may grant relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff's motion is also construed as to move this Court to reconsider its previous order pursuant to Local Rule 60.1. Local Rule 60.1 provides that "[m]otions for reconsideration of interlocutory orders may be brought only upon the following grounds:  (a) Discovery of new material facts not previously

available; (b) Intervening change in law; (c) Manifest error of law or fact."  LR
60.1.

   The Ninth Circuit requires a successful motion for reconsideration to
furnish both a reason why the court should reconsider its prior decision, as well as
facts or law of a strongly convincing nature to induce the court to reverse its prior
decision.  Carnell, 872 F. Supp. at 758.

   When a plaintiff appears pro se, the court has an obligation to
construe the plaintiff's complaint liberally.  See Bernhardt v. Los Angeles County,
339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir.
2003) (same).  Pro se plaintiffs in a civil rights action must be afforded the benefit
of any doubt.  See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623
(9th Cir. 1988). "A pro se litigant must be given leave to amend his or her
complaint unless it is 'absolutely clear that the deficiencies of the complaint could
not be cured by amendment.'"  Id.  (quoting Noll v. Carlson, 809 F.2d 1446, 1448
(9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30
(determining that a district court retains its discretion to dismiss a pro se prisoner's
in forma pauperis complaint with or without leave to amend under the Prisoner's
Litigation Reform Act)).  "[B]efore dismissing a pro se civil rights complaint for

failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." Id.

DISCUSSION

Plaintiff asks the Court to reconsider its Previous Order and to allow him to amend his original Complaint. Plaintiff has three bases for reconsideration: Plaintiff only requested declaratory relief, state judicial officers can be sued for declaratory relief, and if Plaintiff's Complaint is construed as requesting injunctive relief then injunctive relief should not be barred by 42 U.S.C. § 1983. Plaintiff's arguments lack merit.

Judicial immunity extends to suits against federal judges for actions taken in their official capacity for both declaratory and injunctive relief. See Mullis v. U.S. Bankr. for Dist. of Nev., 828 F.2d 1385, 1394 (9th Cir. 1987) (discussing judicial immunity from suit for declaratory relief for judicial acts). In Mullis, the court stated:

> There is no need to carve out an exception to judicial immunity to permit declaratory and injunctive relief against federal officers. Should a federal judge . . . violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals. . . . To allow an action for declaratory and injunctive relief against federal officers who would be entitled to judicial immunity from

6

> damages merely engenders unnecessary conduction and
> multiplicity of litigation.

Id.

Congress's 1996 amendment to 42 U.S.C. § 1983 made it clear that judicial immunity extends to both injunctive and declaratory relief and that it extends to any judicial officer.  See Pub. L. No. 104-317, 110 Stat. 3847, 3853 (Oct. 19, 1996) (stating "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

Indeed, the Senate Report stated that the 1996 amendment to 42 U.S.C. § 1983 "extends protection to Federal as well as State judicial officers." S. Rep. 104-366, at 37.  Moreover, the Ninth Circuit since confirmed that State judges have absolute immunity for judicial actions taken within their official judicial capacities.  Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922-23 (9th Cir. 2004) ("[a]bsolute immunity is generally accorded to judges . . . functioning in their official capacities. . . . [C]ourts have extended the protections of absolute immunity to qualifying state officials sued under 42 U.S.C. § 1983."); Meeks v. County of

Riverside, 183 F.3d 962, 965 (9th Cir. 1991) ("[i]t is well settled that judges are generally immune from civil liability under section 1983").

As this Court previously held, issuing the Injunction was within Defendant's judicial capacity and Defendant had jurisdiction over the original action.  (See Previous Order at 7-8.)  Thus, even if this Court misunderstood the Plaintiff's Complaint to be asking for injunctive relief, rather than declaratory relief, this misunderstanding does not affect the Court's analysis in the Previous Order because absolute judicial immunity affords immunity from suits based on judicial acts regardless of what type of relief Plaintiff sought.  Mireles, 502 U.S. at 11 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

Moreover, even if Judge Doi was not entitled to judicial immunity, for equitable relief to be available in civil rights cases "the plaintiff must show that he has an inadequate remedy at law. . . ." Pulliam v. Allen, 446 U.S. 522, 537 (1984). Ordinary appeals and extraordinary writs are adequate remedies.  Mullis, 828 F.2d at 1394.  Plaintiff, here, has an adequate remedy at law through his pending State appeal.

In addition, even if Judge Doi were not immune, the Rooker-Feldman doctrine and/or Younger abstention applies.  The Rooker-Feldman doctrine generally bars federal district courts "from exercising subject matter jurisdiction

8

over a suit that is a de facto appeal from a state court judgment." <u>Kougasian v.</u>

<u>TMSL, Inc.</u>, 359 F.3d 1136, 1139 (9th Cir. 2004); <u>see</u> <u>also</u> <u>Robinson v. Ariyoshi</u>,

753 F.2d 1468, 1471-72 (9th Cir. 1985) (federal court has no jurisdiction over

federal constitutional issues if consideration would require a review of the

allegations underlying the state judicial decision), <u>vacated on other grounds</u>, 477

U.S. 902 (1986); <u>Texaco v. Pennzoil Co.</u>, 784 F.2d 1133, 1141-42 (2d Cir. 1986)

(inferior federal courts may not act as appellate tribunals over state courts) prob.

juris. noted, 477 U.S. 903.  The Supreme Court emphasized in <u>Exxon Mobil</u>

<u>Corporation v. Saudi Basic Industries Corporation</u>, 544 U.S. 280, 284 (2005), that

the <u>Rooker-Feldman</u> doctrine:

> is confined to cases of the kind from which the doctrine
> acquired its name: cases brought by state-court losers
> complaining of injuries caused by state-court judgments
> rendered before the district court proceedings
> commenced and inviting district court review and
> rejection of those judgments. Rooker-Feldman does not
> otherwise override or supplant preclusion doctrine or
> augment the circumscribed doctrines that allow federal
> courts to stay or dismiss proceedings in deference to
> state-court actions.

Federal claims amounting "to nothing more than an impermissible collateral attack

on prior state court decisions" are impermissible especially when "[s]uch an order

would implicitly reverse the state trial court's findings."  Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995).

Here, Plaintiff came to this Court because he was unhappy with the State court's decision and the State appellate process.  Plaintiff asks this Court to reverse the Injunction against him.  To grant Plaintiff's request would be a collateral attack on the State trial court's findings, and usurp the State appellate court's authority in deciding the pending appeal.

Alternatively, if the Injunction is considered an ongoing state proceeding, the Younger abstention doctrine applies.  Younger applies if the following four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.  San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

For the first requirement, Plaintiff has an appeal pending in State court.  The second requirement is also satisfied.  Federalism favors comity and requires the federal government to respect states' rights.  Younger v. Harris, 401

U.S. 37, 44 (1971).  Another goal of the federal system, finality, would also be threatened by allowing federal courts to collaterally attack state courts' decisions. For the third requirement, Plaintiff raised his constitutional issues on appeal in the State court.  The State court has remedies for Plaintiff's constitutional questions and he only comes to the federal courts because he is unsatisfied with the lengthy State appellate process.  For the final requirement, this Court's involvement here would interfere with State court.  Plaintiff asks for declaratory relief and to grant it would conflict with <u>Younger</u> since this requires the federal court to usurp appellate power from the State court.

Plaintiff will not be allowed to amend his Complaint because regardless of what relief he seeks the suit will be barred by judicial immunity. Amendments are unnecessary when it is "'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  <u>Karim-Panahi v. Los Angeles Police Dep't.</u>, 839 F.2d 621, 623 (9th Cir. 1998) (quoting <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987), <u>superceded by statute</u>, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000)).  Judicial immunity insulates judicial actions such as the issuing of the Injunction in this case.  As long as Plaintiff is suing a judge for actions within the judge's judicial capacity, the claim must fail.  Furthermore, even if judicial immunity does not apply, either the <u>Rooker-Feldman</u> or <u>Younger</u>

abstention doctrines apply preventing this Court from exercising subject matter jurisdiction.

CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 2, 2009.



_____
David Alan Ezra
United States District Judge

Davies v. Doi, CV No. 08-00548 DAE-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO AMEND COMPLAINT